## BRADLEY v. THE CINCINNATI CAMP MEETING ASSOCIATION.

*Corporations — Not for profit — Express and implied powers — Raising revenue to promote object of incorporation — Membership dues not authorized, when.*

1. Where the charter of a camp meeting association empowers the corporation to furnish tents, cottages and all other necessary conveniences and accommodations upon the camp grounds of the association, and there is nothing in the constitution which authorizes the raising of money for carrying on the work of said association, the corporation impliedly had the power and authority under its charter to provide for the raising of revenues with which to maintain such conveniences and accommodations provided such power was properly exercised.

2. In the absence of express authority conferred by the constitution on the board of directors the question of membership dues or no membership dues, and the amount thereof, if any, must be determined by the membership of the association.

(Decided November 29, 1918.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Sanford Brown,* for plaintiff in error.
*Mr. William R. Collins,* for defendant in error.

WILSON, J. This action was originally instituted by defendant in error against the plaintiff in error to recover the sum of $66.25.

The bill of particulars filed in the municipal court of the city of Cincinnati alleges that Alice Bradley is the owner of two cottages at Epworth Heights, and as such owner is a member of The Cincinnati Camp Meeting Association, which conducts and maintains the camp meeting grounds known as Epworth Heights; that said association

is a corporation not for profit under the laws of Ohio and is conducted under the discipline, rules and regulations of the Methodist Episcopal Church; that the said property of Alice Bradley is subject to a maintenance clause and the right of said association to levy a maintenance charge or association dues for each cottage; and that the board of trustees of said association fixed the amount of said charge or dues for the year 1916 at $15 per cottage, and for the year 1917 at $15 per cottage, making in all for the two cottages of Alice Bradley for said two years the sum of $60, which she was requested to pay, but refused to pay. In addition to the charge of $60 it was claimed that there was a balance due from the year 1915 of $1.25, and the sum of $5 charged for water rent for said cottages, making the total claim of $66.25.

The defendant below answered denying that her property is subject to the right of the association to levy a maintenance charge or association dues for each cottage, and further denying that a legal or binding assessment was fixed by said association for said years 1916 and 1917; and for that reason she denied the indebtedness alleged in the bill of particulars.

On the hearing in the municipal court a judgment was rendered against Alice Bradley for $61 and costs. Error was prosecuted to the court of common pleas, where the judgment below was affirmed. This court is now asked to reverse said judgments.

The sole question involved in the consideration of this cause is the validity of said maintenance charge or association dues.

The Cincinnati Camp Meeting Association is a corporation not for profit, and is designated by the statutes of Ohio a religious corporation. Its membership is composed of three classes: (1) All lot owners. (2) The Presiding Elders of the Cincinnati Conference, the Covington District, the Kentucky Conference and the Cincinnati District of the Central German Conference. (3) Any one who has contributed the sum of $200.

One of the purposes for which the association was incorporated was:

"To hold sacredly in trust forever for the Methodist Episcopal Church the money, property and values of every kind heretofore donated, contributed, collected and held for camp-meeting purposes; * * * and all lands, buildings and property, personal and real, already acquired or which may hereafter be acquired, as necessary or convenient to the successful and proper conduct of said religious camp-meetings, and the furnishing of convenient and desirable tents, cottages and summer houses, roads, walks, light, water and all other necessaries, conveniences and accommodations upon the camp grounds of the association * * * for members and friends of the Methodist Episcopal Church."

The record submitted to the court contains a copy of the constitution of said corporation, but the court is unable to find therein any provision for the raising of moneys for the carrying on of the work for which the association was incorporated.

There is no provision therein authorizing the sale or disposition of any of its property, nor is there any provision therein for either assessing the members or establishing and fixing membership dues for the purpose of meeting the financial needs of the corporation.

This corporation is a creature of the statute laws of Ohio, and its powers are such as are conferred by its charter, its constitution, as adopted by the members thereof, not in conflict with the laws of the state or the purpose for which it was incorporated, and the laws of Ohio. We must therefore look to its charter, its constitution, and the laws of Ohio governing such corporations, for the power and authority for making the maintenance charge or membership dues sued for in this action.

As a maintenance charge it is in its nature and character an assessment made on each member who is a lot owner, by the board of trustees of the corporation. Can such a charge be properly and legally made by the corporation acting through its board of trustees?

The charter of the corporation empowers the corporation to furnish convenient and desirable tents, cottages and summer houses, roads, walks, light, water and all other necessary conveniences and accommodations upon the camp grounds of the association, but it does not in specific terms authorize the imposition of any charge or assessment upon the members for that purpose. Can such power be implied from the language used in the charter? The charter clearly empowers the corporation to furnish such conveniences and accom-

modations, and having furnished them it was incumbent on the corporation to properly maintain them. To do so necessarily involved the duty of raising money for that purpose. From the power thus conferred is there not necessarily an implied power to do whatever is necessary and proper to carry into effect and accomplish the purposes of its creation?

Our supreme court in the case of *The Central Ohio Natural Gas & Fuel Co.* v. *The Capital City Dairy Co.*, 60 Ohio St., 96, at page 104, say:

"It is a general rule, as sound as it is well settled, that corporations, in addition to the powers expressly granted, have by necessary implication, the power to do whatever is needed to carry into effect those granted, and accomplish the purposes of its creation, unless the particular act is forbidden by the law or charter. This is, in substance, the statutory rule of Ohio corporations. Revised Statutes, Section 3239. And, it should be reasonably applied, with a view of promoting the legitimate objects of the corporation, rather than with a strictness that would so hedge it about as to obstruct the practical attainment of the corporate purposes, or embarrass the corporate business. These implied powers which a corporation has in order to carry into effect its legitimate purposes are not limited to such as are indispensable to their accomplishment, but comprise all those powers that are necessary in the sense of appropriate, convenient and suitable, including a right of reasonable choice of means to be employed; and whether an act comes within those powers, must be determined in each case from all its facts and circumstances."

Under the authority above quoted this court is of the opinion that the corporation impliedly had the power and authority under its charter to provide for the raising of revenues with which to maintain such conveniences and accommodations; but such power must be properly exercised.

The claim upon which this suit is brought is founded on a resolution passed by the board of trustees of the corporation on November 18, 1915, which reads as follows:

"On motion of brother Everett, seconded by brother Blair, the association dues of the cottage owners of the Cincinnati Camp-meeting Association are to be $15.00 per year for each cottage, payable first of each year."

By such action the board of trustees arbitrarily fixed an amount of dues to be paid by one class of the membership only, and that action was taken, so far as the record discloses, without its ever having been submitted to a vote of its members. The corporation had no stockholders, but it had three classes of members. The membership of the corporation had the power and authority under the laws of Ohio to adopt rules and regulations (constitution) for the government and control of the corporation, and to confer power and authority on its board of trustees not in conflict with law or violative of the object and purpose of the corporation.

The record discloses that a constitution was adopted presumably by the members, but the constitution makes no provision for membership dues, nor does it directly or indirectly confer the power and authority on the trustees to fix the annual dues

or maintenance charge. The laws of Ohio do not attempt to in any way fix the membership dues of a corporation not for profit, and without express authority so to do, conferred by its constitution on its board of trustees, this court is of the opinion that the question of dues or no dues, and the amount of dues, if any, must be determined by the membership of the corporation.

Not having been able to find any statute of Ohio authorizing the imposition of the membership charge sued upon herein, and it not appearing by the record that such charge was ever authorized by the membership of the association, or approved or ratified by the plaintiff in error, this court is of the opinion that this charge was improperly and illegally made and that there is error in the findings and judgment of the common pleas court and the municipal court prejudicial to the rights of the plaintiff in error.

The judgment of the court of the common pleas will therefore be reversed and this cause remanded to that court with instructions to enter a judgment reversing the judgment of the municipal court and remanding the cause to said court for such further proceedings as are authorized by law.

*Judgment reversed.*

JONES, P. J., and HAMILTON, J., concur.